IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| VIKKI J. GROTHE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case Number CIV-05-1217-C |
| | ) | |
| STATE FARM MUTUAL | ) | |
| AUTOMOBILE INSURANCE | ) | |
| COMPANY, | ) | |
| | ) | |
| Defendant. | ) | |

**<u>MEMORANDUM OPINION</u>**

Before the Court is Plaintiff's Supplemental Prayer for Attorney Fees and Costs Related to Motion for Remand. Defendant filed a Response and the matter is now at issue.

Plaintiff requests the Court enter an Order determining she is entitled to the attorney's fees and costs incurred as a result of Defendant's most recent removal of this matter. According to Plaintiff, Defendant should be required to pay her expenses, as there was no legal or factual basis for the removal. In response, Defendant argues the Court lacks jurisdiction to enter the requested award because it was not included in the Order directing remand. Defendant argues that in the event the Court determines it has jurisdiction, Plaintiff's request should be denied as there was an objectively reasonable basis for the removal. Finally, Defendant argues Plaintiff's request should be denied as it does not comply with LCvR54.2.

Defendant argues the Court lacks jurisdiction, citing 28 U.S.C. § 1447(c): "An order remanding the case may require payment of just costs and any actual expenses, including

attorney fees, incurred as a result of the removal." According to Defendant, this language requires any award of expenses to occur in the remand order. Although the Tenth Circuit has apparently not addressed the question directly, it has at least tacitly approved of a fee award entered some time after the order of remand was entered. See Excell, Inc. v. Sterling Boiler & Mech., Inc., 106 F.3d 318, 320 (10th Cir.1997) (district court remanded case on February 22, 1996, section 1447(c) costs not awarded until March 29, 1996). The circuits that have reached the issue have uniformly held the district court retains jurisdiction to enter a fee award even where no mention of fees was made in the remand order. See Stallworth v. Greater Cleveland Reg'l Transit Auth., 105 F.3d 252, 256-57 (6th Cir. 1997):

> Indeed, the language of the statute--"an order remanding the case may require payment of . . . attorney fees"--is enabling, but does not purport to be exclusive. If the order does not include an award of attorney fees, there is nothing in the statute to suggest that there cannot be a supplemental or amended order. That there could be additional orders is consistent with the continued jurisdiction of the district court to consider collateral matters after remand, as endorsed in Willy [v. Coastal Corp., 503 U.S. 131 (1992)].
>
> We find Moore [v. Permanente Medical Group, Inc., 981 F.2d 443 (9th Cir. 1992)] to be persuasive, and join it in holding that a district court, after issuing an order of remand, may make an award of attorney fees and costs in a separate order.

See also Wisconsin v. Hotline Indus., Inc., 236 F.3d 363, 365 (7th Cir. 2000); Mints v. Educ. Testing Serv., 99 F.3d 1253, 1257-58 (3d Cir. 1996); Coward v. AC and S., Inc., 91 Fed.Appx. 919, 922 (5th Cir. 2004). Thus, the Court is persuaded it retains jurisdiction to consider Plaintiff's request for fees.

Once it is determined that the action was not properly removed, a requirement that is met here by the Court's Order of Remand, the next question is whether Defendant "lacked an objectively reasonable basis for seeking removal." Martin v. Franklin Capital Corp., ___ S.Ct. ___, 2005 WL 3299410, *6 (2005). In determining whether the removal was objectively reasonable, the Court must consider the reasons underlying the fee award provisions in § 1447(c). Those considerations are:

> The process of removing a case to federal court and then having it remanded back to state court delays resolution of the case, imposes additional costs on both parties, and wastes judicial resources. Assessing costs and fees on remand reduces the attractiveness of removal as a method for delaying litigation and imposing costs on the plaintiff.

Martin at *6. Considering these issues and the basis on which Defendant premised its removal, the Court finds the removal was not objectively unreasonable. The removal was based on Plaintiff's recent settlement demand, which for the first time clearly established the amount in controversy as exceeding the jurisdictional threshold. Defendant maintained that amount had been static since the inception of the lawsuit and therefore the case had been removable from the outset. In determining Defendant's removal was untimely, the Court found that the case was not removable at the outset, as determined by the first removal order, and that therefore Defendant's removal was untimely. Although ultimately rejected, Defendant's position was not unreasonable.

As set forth more fully herein, the Court retains jurisdiction to consider the request for attorney's fees after remand. Because Defendant's removal did not lack an objectively reasonable basis, an award of fees is not authorized under 28 U.S.C. § 1447(c). Accordingly,

Plaintiff's Supplemental Prayer for Attorney Fees and Costs Related to Motion for Remand (Dkt. No. 17) is DENIED.

IT IS SO ORDERED this 21st day of December, 2005.

ROBIN J. CAUTHRON
United States District Judge